# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:07cv403

| | |
|---|---|
| *IN RE*:<br>**ELIZABETH G. POU,**<br><br>　　　　Debtor/Appellant.<br><br>Bank of America, N.A., its<br>Successors and/or Assigns,<br><br>　　　　Movant,<br><br>vs.<br><br>Elizabeth G. Pou, Debtor,<br>Sheldonia W. Pou, Co-Debtor,<br>and Warren L. Tadlock, Trustee,<br><br>　　　　Respondents. | **O R D E R** |

**THIS MATTER** is before the Court *sua sponte* to dismiss the pending bankruptcy appeal for failure to comply with Bankruptcy Rule 8006.

The Appellant filed a notice of appeal on September 21, 2007, but has failed to file a designation of items for inclusion in the record on appeal or a statement of issues. Bankruptcy Rule 8006 provides in pertinent part:

> Within 10 days after filing the notice of appeal ... the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

**Rule 8006.**[1]

Bankruptcy Rule 8001(a) provides in pertinent part:

> Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, which may include dismissal of the appeal.

**Rule 8001(a).**

If an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal. Federal Rule of Bankruptcy Procedure 8001(a) provides that an appellant's failure "to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, which may include dismissal of

---

[1] The three day extension provided by Bankruptcy Rule 9006(f) applies only when a time period begins to run from the date of service of an order. When the time period for taking action begins to run from an event other than service, such as filing the designation of record and statement of issues, the rule regarding computation of time after service by mail does not extend the time within which to act. ***In re Golodetz Corp.*, 198 B.R. 441 (S.D.N.Y. 1996).** The Federal Rule of Bankruptcy Procedure providing an additional three days for service when a document is served by mail applies only to service of the document on a party, not to the filing of the document with the Court. ***In re Gaudet*, 146 B.R. 323 (D.R.I. 1992).** Thus, the ten day period within which to file the designation of record and statement of issues begins to run from the date the notice of appeal is filed with the Court. **Id.; *In re Williams*, 216 F.3d 1295 (11th Cir. 2000); *In re B.J. McAdams, Inc.*, 999 F.2d 1221 (8th Cir. 1993).**

the appeal."   ... [B]efore a district court may dismiss an appeal pursuant to Rule 8001(a), it must take *at least one* of the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; *or* (4) indicate that it considered the impact of the sanction and available alternatives. ... "[A] proper application of [this] test will normally require a district court to consider and balance all relevant factors."

***In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997) (emphasis in original).**

In the Order from which the appeal has been taken, the Bankruptcy Court Judge noted that the Appellant has filed three separate bankruptcy cases since August 2001. He also noted the material default of the Appellant in connection with the mortgage held by Bank of America and found that *in rem* relief lifting the automatic stay was warranted so that Bank of America could pursue foreclosure. The Court finds that the filing of this appeal was a futile and possibly bad faith attempt to halt the foreclosure. *Id.* The Court thus finds that the appeal was not taken in good faith. ***Id.*, citing *Resolution Trust v. SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995) and *In Re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992).** The prosecution of this appeal would of necessity negatively impact the bankrupt estate and might cause confusion as to the right of Bank of America to pursue foreclosure. *Id.* Such filings prejudice the bankruptcy estate and its creditors because it continues to keep alive a

proceeding which should have been completed.  *Id.*  The use of a less drastic sanction will not provide the relief needed, that is, the ability of the bankruptcy proceeding to go forward without further delay and the ability of Bank of America to pursue its foreclosure in accordance with the Bankruptcy Court's ruling.  *Id.*   And, in view of the Appellant's material default and past bankruptcy proceedings, an alternative sanction instead of dismissal does not appear appropriate.  *Id.*  Nor does the Court find that notice and opportunity to respond would result in a reasonable, credible explanation.

**IT IS, THEREFORE, ORDERED** that the Court *sua sponte* dismisses this appeal for failure to comply with Bankruptcy Rule 8006 and to prosecute the appeal.

Signed: October 9, 2007

Martin Reidinger
United States District Judge