# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:07cv403

| | |
|---|---|
| *IN RE*: )<br>**ELIZABETH G. POU,** )<br>)<br>　　　Debtor/Appellant. )<br>＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿)<br>)<br>**Bank of America, N.A., its** )<br>**Successors and/or Assigns,** )<br>)<br>　　　Movant, )<br>)<br>　　　vs. )<br>)<br>**Elizabeth G. Pou, Debtor,** )<br>**Sheldonia W. Pou, Co-Debtor,** )<br>**and Warren L. Tadlock, Trustee,** )<br>)<br>　　　Respondents. )<br>＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿) | <u>**O R D E R**</u> |

**THIS MATTER** is before the Court *sua sponte* to reconsider the Order of October 9, 2007, dismissing this matter. The Court vacates that portion of the decision dismissing the case for failure to timely file a designation of record but modifies the decision to dismiss the appeal on other grounds.

1

The case was initially dismissed because it appeared from the record that the Appellant had failed to designate the record on appeal and to state the issues for appeal. After the Order issued, the Court was advised that on October 1, 2007, the Appellant had filed in the Bankruptcy Court, not in this Court, a document entitled "Appellant Designation." Since that filing would have been timely, the Court construes it as the Appellant's designation. On October 12, 2007, the Appellant filed an "Amended Appellant Designation" which is untimely.

The Court will first consider the designation filed on October 1, 2007. Bankruptcy Rule 8006 states in pertinent part that "Within 10 days after filing the notice of appeal . . . the appellant shall file with the clerk and serve on the appellee a designation of the *items to be included in the record on appeal and a statement of the issues to be presented*." **Fed.R.Bkr.P. 8006 (emphasis provided).** In her "Appellant Designation" the Appellant did not designate specific portions of the record in the Bankruptcy Court and she did not clearly state issues on appeal. Appellant alleges merely that "The evidence presented by the plaintiff was incomplete, inaccurate and untrue[,]" and "The testimony given by the witness for the plaintiff contained information that cannot be substantiated."

To the extent that the Appellant attempts to designate evidence and testimony as included in the record on appeal, she has failed to attach a transcript of the hearing which resulted in the Order from which she has appealed. Bankruptcy Rule 8006 provides in pertinent part:

> If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost.

**Fed.R.Bkr.P. 8006.**

There is no request for a transcript in the Designation or the purported "Amended Designation." "District courts may impose sanctions, including dismissal, upon any appellant who fails to make a timely written request for a transcript." **Greco v. Stubenberg, 859 F.2d 1401, 1403 (9th Cir. 1988).** Without a transcript of the proceedings, this Court does not have a complete record to review the Bankruptcy Court's findings. This is a violation of Rule 8006. **In re Harris, 464 F.3d 263 (2nd Cir. 2006); Hannigan v. Countrywide Home Loans, Inc., 2006 WL 3531622 (W.D.N.C. 2006), citing In re Shah, 2006 WL 2683386 (5th Cir. 2006) ("[W]ithout the transcript [], it simply is impossible for [the District Court] to review the bankruptcy court's factual findings and legal**

conclusions."); **Nielsen v. Price, 17 F.3d 1276 (10th Cir. 1994); In re E'Tief, 177 Fed.Appx. 937 (11th Cir. 2006) (dismissing appeal where the appellant failed to include a transcript); In re Hough, 128 Fed.Appx. 369 (5th Cir. 2005); Barclay v. U.S. Trustee, Hackett, 106 Fed.Appx. 293 (6th Cir. 2004).** "Appellant is responsible for including all relevant parts of the proceedings or transcripts in the record for appeal." **In re Morabito, 64 F.3d 658 (table), \*\*5 n.9 (4th Cir. 1995).** "The ... hearing was not transcribed, and therefore there is no evidence in the record before [this Court] to show that the bankruptcy court erred[.]" **Id.**

The allegations stated in the Appellant's initial designation may have been an attempt to state issues on appeal. However, whether the testimony of an unidentified witness was substantiated during the hearing before the Bankruptcy Court was a matter for cross examination. It is not a basis for appeal. In fact, by raising this as an issue, the Appellant concedes that the Appellee presented testimony during the hearing that was contrary to her interests. Likewise, the issue that the evidence presented during the hearing was "inaccurate" or "untrue" was a matter for cross examination, not for appeal. The Bankruptcy Court's findings of fact are reviewable pursuant to a clearly erroneous standard. Findings of fact

4

are clearly erroneous "when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed".  **In Re Green, 934 F.2d 568, 570 (4th Cir. 1991), citing In Re First Federal Corp., 42 B.R. 682 (Bankr.W.D.Va. 1984).**  However, because the Appellant has failed to designate the relevant portions of the record and to file the transcript, the Court is unable to review these issues.

The Appellant also raises as an issue that the evidence presented by Appellee was "incomplete."  The Court construes this as an assertion that Appellee's evidence was insufficient to sustain the order of the Bankruptcy Court.  However, as noted *infra*, in order for this Court to ascertain the sufficiency of the evidence there must be a record of that evidence and the ruling that is allegedly unsupported.  While the Appellant did attach a copy of the Order from which appeal was taken, she has not designated any additional portions of the record or filed the transcript.  "[T]he purpose of the record designation requirement is to provide the reviewing court with an adequate basis for evaluating the appellant's claims on appeal.  The burden of creating an adequate record rests with the appellant, who may not urge an issue on appeal if [s]he has failed to provide the appellate

5

court with the requisite record excerpts." **In re CPDC, Inc., 221 F.3d 693, 698 (5th Cir. 2000).**

On October 12, 2007, after the undersigned dismissed the appeal, the Appellant filed an "Amended Designation" to which she attached documents which were a part of her two previous bankruptcy proceedings. She also attached correspondence from the mortgagor of the residence at issue in the Bankruptcy Court's ruling. However, these documents are not part of the record in the Bankruptcy Court and, in any event, they were untimely filed.[1]

In the decision previously issued, the undersigned concluded as follows:

> Bankruptcy Rule 8001(a) provides in pertinent part:
> Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, which may include dismissal of the appeal.

**Rule 8001(a).**

> If an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal. Federal Rule of Bankruptcy

---

[1] In the "Amended Designation," the Appellant attaches two copies of checks which she submitted in connection with a motion for reconsideration in the Bankruptcy Court. However, she neither designated nor attached the motion to which those checks related.

6

Procedure 8001(a) provides that an appellant's failure "to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, which may include dismissal of the appeal." ... [B]efore a district court may dismiss an appeal pursuant to Rule 8001(a), it must take *at least one* of the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; *or* (4) indicate that it considered the impact of the sanction and available alternatives. ... "[A] proper application of [this] test will normally require a district court to consider and balance all relevant factors."

***In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997) (emphasis in original).**

In the Order from which the appeal has been taken, the Bankruptcy Court Judge noted that the Appellant has filed three separate bankruptcy cases since August 2001. He also noted the material default of the Appellant in connection with the mortgage held by Bank of America and found that *in rem* relief lifting the automatic stay was warranted so that Bank of America could pursue foreclosure. The Court finds that the filing of this appeal was a futile and possibly bad faith attempt to halt the foreclosure. *Id.* The Court thus finds that the appeal was not taken in good faith. *Id.,* **citing *Resolution Trust v. SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995) and *In Re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992).** The prosecution of this appeal would of necessity negatively impact the bankrupt estate and might cause confusion as to the right of Bank of America to pursue foreclosure. *Id.* Such filings prejudice the bankruptcy estate and its creditors because it continues to keep alive a proceeding which should have been completed. *Id.* The use of a less drastic sanction will not provide the relief needed, that is, the ability of the bankruptcy proceeding to go forward without further delay and the ability of Bank of America to pursue its foreclosure in accordance with the Bankruptcy Court's ruling. *Id.* And, in view of the Appellant's material default and past bankruptcy proceedings, an

alternative sanction instead of dismissal does not appear appropriate. *Id.* Nor does the Court find that notice and opportunity to respond would result in a reasonable, credible explanation.

**Order, filed October 9, 2007, at 2-4.**

The Court concludes that the Designation filed on October 1, 2007 does not meet the requirements of the rule. In addition, the purported "Amended Designation," even if timely is equally invalid. The Appellant has not requested a transcript, she has failed to attach copies of pleadings from the Bankruptcy Court record. It appears that this appeal is pursued for non-meritorious reasons. The Court reiterates it previous consideration of the factors set forth in *Weiss*, *supra.*, and finds that the appeal should be dismissed.

**IT IS, THEREFORE, ORDERED** that the portion of the Order entered October 9, 2007 which dismissed the appeal for failure to timely file a Designation of Record and Statement of Issues is hereby **VACATED**; and

**IT IS FURTHER ORDERED** that the Appellant's appeal is hereby **DISMISSED** for failure to comply with applicable rules of procedure.

Signed: October 22, 2007

Martin Reidinger
United States District Judge